[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 5, 1973 in Mount Vernon, New York. The plaintiff resided continuously in this state for several years prior to the date of the filing of the complaint. There are two minor children, issue of the marriage, Melissa, born November 2, 1978, and Vincent, born May 31, 1980. The evidence presented indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground. CT Page 11308
The plaintiff, age 44, has been essentially a homemaker during the marriage. The defendant, age 46, had the benefit of a college degree and is employed as a senior engineer at Pitney Bowes. Both parties indicated no health problems. Both appeared to be serious, hardworking and interested in their children's welfare.
Although each party must bear some responsibility for the breakdown of the marriage, the court finds that the defendant's behavior was the major cause of the failure of the relationship. The defendant's refusal to communicate with the plaintiff, his treatment of the plaintiff and his use of family funds indicate a lack of concern and indifference to the plaintiff's feelings and rights.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) The parties shall have joint legal custody of their minor children. The plaintiff shall have physical custody, and the defendant shall have liberal and flexible rights of visitation.
(2) The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $750 per week. The payments shall commence on November 6, 1995 and continue until the death of either party, the plaintiff's remarriage or December 31, 1998, whichever event shall first occur. The pendente lite order shall remain in effect until November 6, 1995.
Commencing January 1, 1999, if the plaintiff has not remarried, the defendant shall pay to the plaintiff as periodic alimony the sum of $500 per week until the plaintiff's remarriage or the death of either party, whichever event first occur.
An immediate wage withholding order may enter. The defendant's employer shall remit all withheld payments directly to the plaintiff.
The court notes that the Connecticut child support guidelines provide that the defendant's obligation for child support is $366 CT Page 11309 per week for two children and $249 per week for one child. The court has deviated from the guidelines because of the provision for alimony and tax planning considerations.
(3) The defendant shall continue to provide medical and health insurance for the benefit of the minor children. The parties shall equally share any unreimbursed medical expenses incurred for the children. Connecticut General Statutes Section 46b-84 (d) shall apply.
(4) The defendant shall cooperate with the plaintiff to provide the plaintiff with COBRA mandated health insurance coverage. The plaintiff shall be responsible for the payment of the premiums.
(5) The defendant shall irrevocably designate the plaintiff as beneficiary of life insurance in the minimum amount of $300,000 so long as the defendant is obligated to pay alimony, and the defendant shall execute and deliver to the plaintiff an authorization directed to the life insurance company to enable the plaintiff to obtain information as to the status of the policy.
(6) The marital residence of the parties is currently under an order of foreclosure by sale by the Superior Court. The property shall be sold, either by court order or private sale. If there are any proceeds of the sale remaining after the foreclosing mortgagee, court costs and closing costs, if any, are satisfied, the proceeds are awarded to the plaintiff. If any deficiency results from the foreclosure or private sale, the defendant shall be solely responsible for the payment thereof. The defendant shall indemnify and hold harmless the plaintiff from any liability thereon. The court reserves jurisdiction over any disputes arising over the disposition of this asset.
(7) The Pitney Bowes shares of stock owned by the parties shall be equally divided between them.
(8) The defendant shall assign to the plaintiff by Qualified Domestic Relations Orders (QDROs) fifty (50%) percent of his interest valued as of August 14, 1995, in his Pitney Bowes Pension Plan and shown and described on the defendant's financial affidavit, and one-hundred (100%) percent of the defendant's Pitney Bowes 401K Plan, also valued as of August 14, 1995. The plaintiff's attorney shall draft said QDROs. The court retains jurisdiction over this matter to review, approve and modify said CT Page 11310 QDROs to comply with federal and state law relating to retirement/pension plans.
(9) There are United States savings bonds in the possession of the defendant that are registered some in the names of the plaintiff and the children and others in the name of the defendant and the children. All the savings bonds shall be turned over to the plaintiff and registered in the manner the plaintiff designates. The court is confident that the plaintiff will use the proceeds from the sale of the bonds in an appropriate manner for the ultimate benefit of the children of the parties.
(10) The defendant shall turn over to the plaintiff her jewelry that is in the defendant's possession and the plaintiff shall keep them free and clear of any claims of the defendant. The jewelry includes the following items: engagement ring with insert; birthstone chain and ring; diamond earrings; mother's ring, charm bracelet with charms; white gold watch and gold locket.
(11) The parties have divided most of their personal property. The plaintiff is awarded the remaining items that are in dispute. They include: grandfather clock; hall tree and mirror; chandeliers in foyer and dining room; barbecue grill and lawn mower.
(12) The plaintiff is awarded her 1985 Buick automobile and her First Federal checking account.
(13) The defendant is awarded his 1986 Chevrolet automobile; his Fleet Bank checking and savings accounts; any refund received from the parties' filing of a joint Federal Tax return for 1994.
(14) Each party shall pay his and her own attorney's fees.
(15) The defendant shall be solely responsible for all debts listed on his financial affidavit and shall be solely responsible to pay the debts owing to the plaintiff's parents and to the plaintiff's sister and brother in-law and shall hold the plaintiff harmless thereon. This indemnification is considered a duty directly related to the support and maintenance of the plaintiff and minor children and shall not be dischargeable in any bankruptcy proceeding involving the defendant.
Judgment may enter accordingly. CT Page 11311
NOVACK, J.